UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>
Xiaoyan Liu, Guizhen Li, Liberato Tenelema, Feng Wu Du, Shui Xin Mo, Chong Chen, Jun Geng Li, Individually and on Behalf of All Other Employees Similarly Situated,

Plaintiffs,

- against -

Canteen 82 Inc. d/b/a Canteen 82, Steam Noodle House, Inc., Steamer Dumpling House Inc., Allen Li, P Ching Yep, and Song Zheng,

Defendants.
</td>
<td>
Case No.

**COLLECTIVE & CLASS ACTION COMPLAINT**
</td></tr>
</table>

Plaintiffs Xiaoyan Liu, Guizhen Li, Liberato Tenelema, Feng Wu Du, Shui Xin Mo, Chong Chen, Jun Geng Li (collectively " Plaintiffs") on their own behalf and on behalf of all others similarly situated, by and through their undersigned attorneys, Hang & Associates, PLLC, hereby file this complaint against the Defendants Canteen 82 Inc. d/b/a Canteen 82, Steam Noodle House, Inc. d/b/a Steam Darien, Steamer Dumpling House Inc. d/b/a Steam Restaurant ("Corporate Defendants"), P Ching Yep, Allen Li ,and Song Zheng, (collectively "Defendants"), allege and show the Court the following:

<u>**INTRODUCTION**</u>

1.      This is an action brought by Plaintiffs on their own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, compensation for all hours worked and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4.      Plaintiffs further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (3) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (4) unlawful gratuities deductions (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime pursuant to the NY Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7.      Plaintiff Xiaoyan Liu, is an individual residing in Queens, New York.

8.       Plaintiff Xiaoyan Liu was employed by Defendants at their restaurant, Canteen 82, located at 467 Columbus Avenue, New York, NY 10024 as a dim sum cook from March 7, 2017 to June 27, 2017; at their restaurant, Steam Restaurant, located at 971 Post Road, Darien, CT 06820 as a dim sum cook from June 28, 2017 to approximately August 15, 2017; and again, at Canteen 82 located at 467 Columbus Avenue, New York, NY 10024 as a dim sum cook from September 17, 2017 to October 8, 2017; in February 2017, Defendants occasionally transferred  Plaintiff Xiaoyan Liu to work at their Steam Restaurant located at 467 Columbus Avenue, New York, NY 10024 to package delivery orders.

9.      Plaintiff Shin Xin Mo is an individual residing in Queens, New York.

10.     Plaintiff Shin Xin Mo was employed by Defendants' restaurant, Canteen 82, located at 467 Columbus Avenue, New York, NY 10024 as a chef from September 17, 2017 to October 8, 2017.

11.     Plaintiff Jun Geng Li is an individual residing in Queens, New York.

12.     Plaintiff Jun Geng Li was employed by Defendants' restaurant, Canteen 82, located at 467 Columbus Avenue, New York, NY 10024 as a fry cook from September 17, 2017 to October 8, 2017.

13.     Plaintiff Feng Wu Du is an individual residing in Queens, New York.

14.     Plaintiff Feng Wu Du was employed by Defendants' restaurant, Canteen 82, located at 467 Columbus Avenue, New York, NY 10024 as a dim sum cook from September 17, 2017 to October 8, 2017.

15.     Plaintiff Chong Chen is an individual residing in Queens, New York.

16.    Plaintiff Chong Chen was employed by Defendants' restaurant, Canteen 82, located at 467 Columbus Avenue, New York, NY 10024 as a cook from September 17, 2017 to October 8, 2017.

17.    Plaintiff Gui Zhen Li is an individual residing in New York, New York.

18.    Plaintiff Gui Zhen Li was employed by Defendants' restaurant, Canteen 82, located at 467 Columbus Avenue, New York, NY 10024 as a dim sum cook from September 17, 2017 to October 8, 2017.

19.    Plaintiff Liberato Tenelema is an individual residing in Queens, New York.

20.    Plaintiff Liberato Tenelema was employed by Defendants' restaurant, Canteen 82, located at 467 Columbus Avenue, New York, NY 10024 as a kitchen help from September 17, 2017 to October 8, 2017.

### DEFENDANTS

21.    Upon information and belief, Defendants own and operate a single integrated business enterprise comprising three Chinese restaurants located in both New York and Connecticut.

22.    At all relevant times, Defendants maintain a policy of share employees' services, share control of their employees, and interchange employees as business so demands.

23.    Upon information and belief, Defendant, Canteen 82 Inc., owns and operates a restaurant in Manhattan located at 467 Columbus Avenue, New York, NY 10024.

24.    Upon information and belief, Defendant, Canteen 82 Inc. had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

25.    Upon information and belief, Canteen 82 Inc. purchased and handled goods moved in interstate commerce.

26.     Upon information and belief, Defendant Yeh P. Ching is the owner, officer, director and/or managing agent of Canteen 82 Inc. at 467 Columbus Avenue, New York, NY 10024 and participated in the day-to-day operations of Canteen 82 and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Canteen 82 Inc. (See Exhibit 2).

27.     Upon information and belief, Defendant Yeh P. Ching owns the stock of Canteen 82 Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

28.     Upon information and belief, Defendant Allen Li is the owner, officer, director and/or managing agent of Canteen 82 Inc. at 467 Columbus Avenue, New York, NY 10024 and participated in the day-to-day operations of Canteen 82 and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Canteen 82 Inc. (See Exhibit 2).

29.     Upon information and belief, Defendant Allen Li owns the stock of Canteen 82 Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

30.     Upon information and belief, Defendant Yeh P. Ching is the owner, officer, director and/or managing agent of Steamer Dumpling House Inc. d/b/a Steam Restaurant located at 971 Post Road, Darien, CT 06820 and participated in the day-to-day operations of Steam Restaurant at Darien and acted intentionally and maliciously and is an employer pursuant to FLSA, 29

U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, , and is jointly and severally liable with Steamer Dumpling House Inc.

31.     Upon information and belief, Defendant Yeh P. Ching owns the stock of Steamer Dumpling House Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive, the number of hours employees will work, and the tasks employees will perform.

32.     Upon information and belief, Defendant Allen Li is the owner, officer, director and/or managing agent of Steamer Dumpling House Inc. d/b/a Steam Restaurant located at 971 Post Road, Darien, CT 06820 and participated in the day-to-day operations of Steam Restaurant at Darien and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, and is jointly and severally liable with Steamer Dumpling House Inc.

33.     Upon information and belief, Defendant Allen Li owns the stock of Steamer Dumpling House Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive, the number of hours employees will work, and the task the employees will perform.

34.     Upon information and belief, Defendant Yeh P. Ching is the owner, officer, director and/or managing agent of Steam Noodle House Inc. d/b/a Steam Restaurant located at 374 Greenwich Ave, Greenwich CT 06830 and participated in the day-to-day operations of Steam Restaurant at Greenwich and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, and is jointly and severally liable with Steam Noodle House Inc.

35.     Upon information and belief, Defendant Yeh P. Ching owns the stock of Steam Noodle House Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive, the number of hours employees will work, and the task the employees will perform.

36.     Upon information and belief, Defendant Song Zheng is the owner, officer, director and/or managing agent of Steam Noodle House Inc. d/b/a Steam Restaurant located at 374 Greenwich Ave, Greenwich CT 06830 and participated in the day-to-day operations of Steam Restaurant at Greenwich and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, and is jointly and severally liable with Steam Noodle House Inc.

37.     Upon information and belief, Defendant Song Zheng owns the stock of Steam Noodle House Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive, the number of hours employees will work, and the task the employees will perform.

38.     At all times relevant herein, Canteen 82 Inc. was, and continues to be, "enterprise engaged in commerce" within the meaning of FLSA.

39.     At all relevant times, the work performed by Plaintiffs were directly essential to the business operated by Canteen 82 Inc.

40.     At all times relevant herein, Steamer Dumpling House Inc. was, and continues to be, "enterprise engaged in commerce" within the meaning of FLSA.

41.     At all relevant times, the work performed by Plaintiff Xiaoyan Liu was directly essential to the business operated by Steamer Dumpling House Inc.

42.    At all times relevant herein, Steam Noodle House Inc. was, and continues to be, "enterprise engaged in commerce" within the meaning of FLSA.

43.    At all relevant times, the work performed by Plaintiff Xiaoyan Liu was directly essential to the business operated by Steam Noodle House Inc.

44.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation and spread-of-hour premiums, and failed to provide them a wage notice at the time of hiring in violation of the NYLL.

45.    Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

46.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

47.    Defendants knew that the nonpayment of overtime pay, spread of hours pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

### *Plaintiff Xiaoyan Liu*

## Canteen 82

48.    From March 7, 2017 to June 27, 2017, and from September 17, 2017 to October 8, 2017, Plaintiff Xiaoyan Liu was hired by Defendants to work as dim sum chef for Defendants' restaurant, Canteen 82, located at 467 Columbus Avenue, New York, New York 10024.

49.    During these two periods, Plaintiff Xiaoyan Liu worked seven days per week. Her primary duty includes making XiaoLongBao and other dumplings. Her daily work schedule was the same for all her workdays and is as follows: on each workday Plaintiff Xiaoyan Liu would

work from 10:00 am to 9:00 pm without a break. She was allowed to have food in the kitchen but must be on call the whole time. Defendant Yeh Ching would regularly call Plaintiff Xiaoyan Liu one day in advance giving Plaintiff Xiaoyan Liu assignments for her next workday. Plaintiff Xiaoyan Liu thus worked eleven hours (11) each day; and therefore, worked at least seventy-seven (77) hours per week.

50.     During these two periods, Plaintiff Xiaoyan Liu was compensated at a fixed monthly rate of $4,000, regardless of her hours worked and she was not paid for all hours worked.

51.     Defendant Yeh Ching hired Plaintiff Xiaoyan Liu.

52.     Defendant Yeh Ching supervised Plaintiff Xiaoyan Liu and dominated the business operations in Canteen 82.

53.     Defendant Yeh Ching determined the assignment of Plaintiff Xiaoyan Liu's duties and the conditions of her employment.

54.     Defendant Yeh Ching handled the payrolls for Canteen 82 Inc. and remitted wage payments to its employees, including Plaintiff Xiaoyan Liu.

55.     Plaintiff Xiaoyan Liu was not provided a correct written wage notice, in English and in Chinese (the primary language identified by Plaintiff Xiaoyan Liu) when she was hired, including but not limited to information about her rate of pay and basis thereof, allowances, including tip and meals credits, claimed by Defendants, and the regular pay day designated by Defendants.

56.     Plaintiff Xiaoyan Liu was not required to record her work hours such as punch time cards and was not paid for all hours worked per week.

57.     Defendants did not provide Plaintiff Xiaoyan Liu with a proper pay stub with each wage payment.

**Steam Restaurants (Darien and Greenwich)**

58.     From June 28, 2017 to approximately August 15, 2017, Plaintiff Xiaoyan Liu was transferred to the Steam Restaurant located at 971 Post Road, Darien CT 06820 ("Steam Darien") by Defendants. Defendant Yeh Ching also assigned Plaintiff Xiaoyan Liu to package take-out orders at the Steam Restaurant located at 374 Greenwich Avenue ("Steam Greenwich"), Greenwich CT 06830 on a few occasions.

59.     In addition to her primary duty of making XiaoLongBao and other dumplings, Defendant Yeh Ching regularly required Plaintiff Xiaoyan Liu to make about 2 to 3 trips per week delivering supplies such as dumplings and sauces between Canteen 82 located in Manhattan and the Steam Restaurant in Darien, CT. Plaintiff Xiaoyan Liu spent about $40 per week on gas for these deliveries.

60.     During this period, Plaintiff Xiaoyan Liu worked seven days per week. Her daily work schedule was the same for all her workdays and is as follows: on each workday Plaintiff Xiaoyan Liu would work from 9:30 am to 9:30 pm without a break. She was allowed to have food in the kitchen but must be on call the whole time.

61.     Upon information and belief, Defendants Yeh Ching and Allen Li are business partners and joint owners of Steamer Dumpling House Inc. d/b/a Steam Restaurant located at 971 Post Road, Darien, CT 06820.

62.     Defendants Yeh Ching and Allen Li supervised her work at Steam Restaurant in Darien. Plaintiff Xiaoyan Liu thus worked twelve hours (12) each day; and therefore, she worked at least eighty-four (84) hours per week.

63.     During this period, Plaintiff Xiaoyan Liu was compensated at a fixed monthly rate of $4,000, regardless of her hours worked and she was not paid for all hours worked.

*Plaintiff Gui Zhen Li*

64.     From September 17, 2017 to October 8, 2017, Plaintiff Gui Zhen Li was hired by Defendants to work as dim sum chef for Defendants' restaurant, Canteen 82, located at 467 Columbus Avenue, New York, New York 10024.

65.     During this peirod, Plaintiff Gui Zhen Li worked seven days per week. Her primary duty includes making XiaoLongBao and other dumplings. Her daily work schedule was the same for all her workdays and is as follows: on each workday Plaintiff Gui Zhen Li would work from 10:00 am to 9:00 pm without a break. She was allowed to have food in the kitchen but must be on call the whole time. Plaintiff Gui Zhen Li thus worked eleven hours (11) each day; and therefore, worked at least seventy-seven (77) hours per week.

66.     Defendant Yeh Ching hired Plaintiff Gui Zhen Li.

67.     Defendant Yeh Ching supervised Plaintiff Gui Zhen Li and dominated the business operations in Canteen 82.

68.     Defendant Yeh Ching determined the assignment of Plaintiff Gui Zhen Li's duties as a dim sum chef and the conditions of her employment.

69.     Defendant Yeh Ching handled the payrolls for Canteen 82 Inc. and remitted wage payments to its employees, including Plaintiff Gui Zhen Li.

70.     During these two periods, Plaintiff Gui Zhen Li was compensated at a fixed monthly rate of $2,800, regardless of her hours worked and she was not paid for all hours worked.

71.     Plaintiff Gui Zhen Li was not provided a correct written wage notice, in English and in Chinese (the primary language identified by Plaintiff Gui Zhen Li) when she was hired, including but not limited to information about her rate of pay and basis thereof, allowances,

including tip and meals credits, claimed by Defendants, and the regular pay day designated by Defendants.

72.    Plaintiff Gui Zhen Li was not required to record her work hours such as punch time cards and was not paid for all hours worked per week.

73.    Defendants did not provide Plaintiff Gui Zhen Li with a proper pay stub with each wage payment.

### *Plaintiff Shui Xin Mo*

74.    From September 17, 2017 to October 8, 2017, Plaintiff Shui Xin Mo was hired by Defendants to work as chef for Defendants' restaurant, Canteen 82, located at 467 Columbus Avenue, New York, New York 10024.

75.    During this period, Plaintiff Shui Xin Mo worked seven days per week. His primary duty includes making dishes on the menu set by Defendants. His daily work schedule was the same for all his workdays and is as follows: on each workday Plaintiff Shui Xin Mo would work from 10:00 am to 9:00 pm without a break. She was allowed to have food in the kitchen but must be on call the whole time. Plaintiff Shui Xin Mo thus worked eleven hours (11) each day; and therefore, worked at least seventy-seven (77) hours per week.

76.    Defendant Yeh Ching hired Plaintiff Shui Xin Mo.

77.    Defendant Yeh Ching supervised Plaintiff Shui Xin Mo and dominated the business operations in Canteen 82.

78.    Defendant Yeh Ching determined the terms and conditions of Plaintiff Shui Xin Mo's employment.

79.    Defendant Yeh Ching handled the payrolls for Canteen 82 Inc. and remitted wage payments to its employees, including Plaintiff Shui Xin Mo.

80.     During this period, Plaintiff Shui Xin Mo was compensated at a fixed monthly rate of $4,500, regardless of his hours worked and he was not paid for all hours worked.

81.     Plaintiff Shui Xin Mo was not provided a correct written wage notice, in English and in Chinese (the primary language identified by Plaintiff Shui Xin Mo) when she was hired, including but not limited to information about her rate of pay and basis thereof, allowances, including tip and meals credits, claimed by Defendants, and the regular pay day designated by Defendants.

82.     Plaintiff Shui Xin Mo was not required to record her work hours such as punch time cards and was not paid for all hours worked per week.

83.     Defendants did not provide Plaintiff Shui Xin Mo with a proper pay stub with each wage payment.

### *Plaintiff Chong Chen*

84.     From September 17, 2017 to October 8, 2017, Plaintiff Chong Chen was hired by Defendants to work as cook for Defendants' restaurant, Canteen 82, located at 467 Columbus Avenue, New York, New York 10024.

85.     During this period, Plaintiff Shui Xin Mo worked seven days per week. His primary duty includes preparing food materials and cutting vegetables and meat. His daily work schedule is as follows: from Sunday through Thursday, Plaintiff Chong Chen would work from 10:00 am to 9:00 pm without a break. On Fridays and Saturdays, Plaintiff Chong Chen would work from 9:00 am to 11:00 pm without breaks. He was allowed to have food in the kitchen but must be on call the whole time. Therefore, Plaintiff Chong Chen worked at least seventy-seven (79) hours per week.

86.     Defendant Yeh Ching hired Plaintiff Chong Chen.

87.     Defendant Yeh Ching supervised Plaintiff Chong Chen and dominated the business operations in Canteen 82.

88.     Defendant Yeh Ching determined the assignment of Plaintiff Chong Chen's duties and the conditions of his employment.

89.     Defendant Yeh Ching handled the payrolls for Canteen 82 Inc. and remitted wage payments to its employees, including Plaintiff Chong Chen.

90.     During this period, Plaintiff Chong Chen was compensated at a fixed monthly rate of $2,600, regardless of his hours worked and he was not paid for all hours worked.

91.     Plaintiff Chong Chen was not provided a correct written wage notice, in English and in Chinese (the primary language identified by Plaintiff Chong Chen) when he was hired, including but not limited to information about his rate of pay and basis thereof, allowances, including tip and meals credits, claimed by Defendants, and the regular pay day designated by Defendants.

92.     Plaintiff Chong Chen was not required to record his work hours such as punch time cards and was not paid for all hours worked per week.

93.     Defendants did not provide Plaintiff Chong Chen with a proper pay stub with each wage payment.

### *Plaintiff Li Jun Geng*

94.     From September 17, 2017 to October 8, 2017, Plaintiff Li Jun Geng was hired by Defendants to work as a fry wok chef for Defendants' restaurant, Canteen 82, located at 467 Columbus Avenue, New York, New York 10024.

95.     During this period, Plaintiff Li Jun Geng worked seven days per week. His primary duty includes preparing fried food dishes. His daily work schedule is as follows: from Sunday

through Thursday, Plaintiff Li Jun Geng would work from 10:00 am to 9:00 pm without a break. On Fridays and Saturdays, Plaintiff Chong Chen would work from 9:00 am to 11:00 pm without breaks. He was allowed to have food in the kitchen but must be on call the whole time. Therefore, Plaintiff Li Jun Geng worked at least seventy-seven (79) hours per week.

96.    Defendant Yeh Ching hired Plaintiff Li Jun Geng.

97.    Defendant Yeh Ching supervised Plaintiff Li Jun Geng and dominated the business operations in Canteen 82.

98.    Defendant Yeh Ching determined the assignment of Plaintiff Li Jun Geng's duties and the conditions of his employment.

99.    Defendant Yeh Ching handled the payrolls for Canteen 82 Inc. and remitted wage payments to its employees, including Plaintiff Li Jun Geng.

100.    During this period, Plaintiff Li Jun Geng was compensated at a fixed monthly rate of $2,800, regardless of his hours worked and he was not paid for all hours worked.

101.    Plaintiff Li Jun Geng was not provided a correct written wage notice, in English and in Chinese (the primary language identified by Plaintiff Chong Chen) when he was hired, including but not limited to information about his rate of pay and basis thereof, allowances, including tip and meals credits, claimed by Defendants, and the regular pay day designated by Defendants.

102.    Plaintiff Li Jun Geng was not required to record his work hours such as punch time cards and was not paid for all hours worked per week.

103.    Defendants did not provide Plaintiff Li Jun Geng with a proper pay stub with each wage payment.

### *Plaintiff Feng Wu Du*

104.    From September 17, 2017 to October 8, 2017, Plaintiff Feng Wu Du was hired by Defendants to work as a dim sum chef for Defendants' restaurant, Canteen 82, located at 467 Columbus Avenue, New York, New York 10024.

105.    During these two periods, Plaintiff Feng Wu Du worked seven days per week. His primary duty includes making XiaoLongBao and other dumplings. His daily work schedule was the same for all her workdays and is as follows: on each workday Plaintiff Feng Wu Du would work from 10:00 am to 9:00 pm without a break. He was allowed to have food in the kitchen but must be on call the whole time. Plaintiff Feng Wu Du thus worked eleven hours (11) each day; and therefore, worked at least seventy-seven (77) hours per week.

106.    Defendant Yeh Ching hired Plaintiff Feng Wu Du.

107.    Defendant Yeh Ching supervised Plaintiff Feng Wu Du and dominated the business operations in Canteen 82.

108.    Defendant Yeh Ching determined the assignment of Plaintiff Feng Wu Du's duties and the conditions of his employment.

109.    Defendant Yeh Ching handled the payrolls for Canteen 82 Inc. and remitted wage payments to its employees, including Plaintiff Feng Wu Du.

110.    During this period, Plaintiff Feng Wu Du was compensated at a fixed monthly rate of $2,600, regardless of his hours worked and he was not paid for all hours worked.

111.    Plaintiff Feng Wu Du was not provided a correct written wage notice, in English and in Chinese (the primary language identified by Plaintiff Chong Chen) when he was hired, including but not limited to information about his rate of pay and basis thereof, allowances,

including tip and meals credits, claimed by Defendants, and the regular pay day designated by Defendants.

112.    Plaintiff Feng Wu Du was not required to record his work hours such as punch time cards and was not paid for all hours worked per week.

113.    Defendants did not provide Plaintiff Feng Wu Du with a proper pay stub with each wage payment.

### *Plaintiff Liberato Tenelema*

<u>**Canteen 82**</u>

114.    From March 7, 2017 to June 27, 2017, Plaintiff Liberato Tenelema was hired by Defendants to work as dim sum cook for Defendants' restaurant, Canteen 82, located at 467 Columbus Avenue, New York, New York 10024.

115.    His primary duty includes chopping ingredients, making Xiaolongbao and other dumplings.

116.    During this period, Plaintiff Liberato Tenelema worked either 5-day weeks or 6-day weeks, each of which accounts for about half of his work weeks. His daily work schedule was the same for all his workdays and is as follows: on each workday Plaintiff Liberato Tenelema would work from 9:30 am to 9:00 pm without a break. He was allowed to have food in the kitchen but must be on call the whole time. Plaintiff Liberato Tenelema thus worked eleven and half hours (11.5) each day; and therefore, worked at least sixty-three and quarter (63.25) hours per week.

117.    During this period, Plaintiff Liberato Tenelema was compensated at a fixed monthly rate of $2,800, regardless of his hours worked and he was not paid for all hours worked.

118.    Defendant Yeh Ching hired Plaintiff Liberato Tenelema.

119.    Defendant Yeh Ching supervised Plaintiff Liberato Tenelema and dominated the business operations in Canteen 82.

120.    Defendant Yeh Ching determined the assignment of Plaintiff Liberato Tenelema's duties and the conditions of his employment.

121.    Defendant Yeh Ching handled the payrolls for Canteen 82 Inc. and remitted wage payments to its employees, including Plaintiff Liberato Tenelema.

122.    Plaintiff Liberato Tenelema was not provided a correct written wage notice when he was hired, including but not limited to information about her rate of pay and basis thereof, allowances, including tip and meals credits, claimed by Defendants, and the regular pay day designated by Defendants.

123.    Plaintiff Liberato Tenelema was not required to record his work hours such as punch time cards and was not paid for all hours worked per week.

124.    Defendants did not provide Plaintiff Liberato Tenelema with a proper pay stub with each wage payment.

**Steam Darien**

125.    From June 28, 2017 to approximately August 15, 2017, Plaintiff Liberato Tenelema was transferred to the Steam Restaurant located at 971 Post Road, Darien CT 06820 by Defendants.

126.    Plaintiff Liberato Tenelema's primary duty includes chopping ingredients, making Xiaolongbao and other dumplings.

127.    During this period, Plaintiff Liberato Tenelema worked seven days per week. His daily work schedule was the same for all his workdays and is as follows: on each workday Plaintiff Liberato Tenelema would work from 9:30 am to 9:30 pm without a break. He was allowed to have food in the kitchen but must be on call the whole time.

18

128.    Defendants Yeh Ching and Allen Li supervised Plaintiff Liberato Tenelema's work at Steam Darien.

129.    Plaintiff Liberato Tenelema thus worked twelve hours (12) each day; and therefore, she worked at least eighty-four (84) hours per week.

130.    During this period, Plaintiff Liberato Tenelema was compensated at a fixed monthly rate of $2,800, regardless of his hours worked and he was not paid for all hours worked.

## COLLECTIVE ACTION ALLEGATIONS

131.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

132.    Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other similarly situated employees.

133.    Plaintiffs bring this action individually and on behalf of all other current and former non-exempt employees who have been or were employed by the Defendants at their restaurant location for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive overtime compensation for all hours worked in excess of forty (40) hours per week, and when applicable, spread-of-hours pay for every work day that lasts longer than 10 hours  (the "Collective Action Members"), and have been subject to the same

common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

134.    Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than forty (40) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

135.    Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

136.    This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

137.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively

small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

138.    Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

d. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

e. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

139.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

140.    Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

141.    Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at each of their three restaurant locations doing business as Szechuan Palace on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

142.    All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P 23.

143.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

144.    Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporation wide policies and practices, including but not limited to their failure

to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

145.    Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage and hour employment litigation cases.

146.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of

conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

147.    Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

148.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b. Whether Plaintiffs and Class members are entitled to overtime under the New York Labor Law;

c. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

d. Whether the Defendants provided wage notices at the time of hiring to Plaintiffs and class members as required by the NYLL;

e. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work.

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Overtime Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

149.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

150.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

151.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

152.    Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

153.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

154.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

155.    Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

156.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Overtime Pay
### Brought on behalf of Plaintiff and the Rule 23 Class]

157.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

158.    Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

159.    Defendants' failure to pay Plaintiffs and the Rule 23 Class their overtime pay violated the NYLL.

160.    Defendants' failure to pay Plaintiffs and the Rule 23 Class was not in good faith.

## COUNT III
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff and the Rule 23 Class]

161.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

162.    The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

163.    Defendants' failure to pay Plaintiffs and Rule 23 Class spread-of-hours pay was not in good faith.

## COUNT IV
**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement]**

91.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

92.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

93.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

94.    Defendants not only did not provide notice to each employee at Time of Hire, but

failed to provide notice to each Plaintiffs even after the fact.

95.     Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT V
## [Violation of New York Labor Law—New York Pay Stub Requirement]

96.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

97.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

98.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiff' payday.

99.     Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT VI
## [Civil Damages for Deceptive Acts and Practices — Violations of New York General Business Law §349 Brought on Behalf of the Plaintiff]

100.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

101.    NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

102.    Due to Defendants' violations of NY GBS Law §349, Plaintiff is entitled to recover from Defendants, jointly and severally, his actual damages or fifty dollars ($50), whichever is greater, or both such actions.

103.    Plaintiffs demand the right to examine, in person or by attorney, the minutes of the proceedings of shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation (See Exhibit 3)

## **Prayer For Relief**

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA collective Plaintiff and rule 23 class, respectfully request that this court enter a judgment providing the following relief:

a)    Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c)    Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d)    Certification of this case as a collective action pursuant to FLSA;

e)     Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

f)     A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)     An injunction against Canteen 82 Inc., its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h)     An award of unpaid wages and overtime wages due Plaintiffs and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

i)     An award of unpaid overtime wages due under FLSA and New York Labor Law;

j)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

k)     An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

l)     An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

m)     An award of liquidated and/ or punitive damages as a result of Defendants' willful

deduction of Plaintiffs' tips, failure to pay wages, minimum wages, overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

n)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

o)    The cost and disbursements of this action;

p)    An award of prejudgment and post-judgment fees;

q)    Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

r)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.


Dated:  Flushing, New York , October 12, 2017        HANG & ASSOCIATES, PLLC.

                                        _/S JIAN HANG_____
                                        Jian Hang, Esq.
                                        136-18 39th Ave., Suite 1003
                                        Flushing, New York 11354
                                        Tel: 718.353.8588
                                        jhang@hanglaw.com
                                        *Attorneys for Plaintiffs*

# EXHIBIT 1

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Canteen 82 Inc., Ching P. Yeh and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

likxiao Yan

Full Legal Name (Print)

likxiaoYan

Signature

10, 9, 2017

Date

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Canteen 82 Inc., Ching P. Yeh and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*du Feng wu*
Full Legal Name (Print)

*du Feng wu*
Signature

10.9.2017
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Canteen 82 Inc., Ching P. Yeh and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*Geng Li Ju*

Full Legal Name (Print)

*Geng Li Ju*

Signature

*10 APA 2017*

Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Canteen 82 Inc., Ching P. Yeh and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

chen chong

Full Legal Name (Print)

chen chong

Signature

- /u-9. 17

Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Canteen 82 Inc., Ching P. Yeh and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

LI GUI ZHEN

Full Legal Name (Print)

LI GUI ZHEN

Signature

10/10/2017

Date

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Canteen 82 Inc., Ching P. Yeh and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

LiberaTo
Full Legal Name (Print)

Signature

10/9/17
Date

**CONSENT TO SUE UNDER
FEDERAL FAIR LABOR STANDARDS ACT**

    I am an employee currently or formerly employed by Canteen 82 Inc., Ching P. Yeh and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

4Hบๅ X m̃ ᴍᴠ
Full Legal Name (Print)

SHUๅXm̃ ᴍᴠ
Signature

10. 9. 20 7
Date

# EXHIBIT 2

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

TO:     Yeh Ching

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Xiaoyan Liu, Guizhen Li, Liberato Tenelema, Feng Wu Du, Shui Xin Mo, Chong Chen, Jun Geng Li and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Canteen 82 Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.


Dated: October 12, 2017

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY**
**FOR SERVICES RENDERED**

TO:    Allen Li

  PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Xiaoyan Liu, Guizhen Li, Liberato Tenelema, Feng Wu Du, Shui Xin Mo, Chong Chen, Jun Geng Li and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Canteen 82 Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

  Dated: October 12, 2017

# EXHIBIT 3

### DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:   Canteen 82 Inc. d/b/a Canteen 82
       467 Columbus Avenue
       New York, New York 10024

PLEASE TAKE NOTICE, that Xiaoyan Liu, Guizhen Li, Liberato Tenelema, Feng Wu Du, Shui Xin Mo, Chong Chen, Jun Geng Li and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: October 12, 2017