# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

December 4, 2017

Ge Qu, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: rqu@hanglaw.com
**VIA ECF & EMAIL**
Hon. Katherine Polk Failla
U.S. District Court, Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2103
New York, NY 10007

Re: Liu et al v. Canteen 82 et al (Case No. 1:17-cv-007862-KPF)
**Response to Defendants' Letter Motion for a Pre-motion Conference**

Dear Judge Failla:

This office represents the Plaintiffs in the above referenced matter. First, I would like to offer my sincere apologies to the Court for the delay in filing this letter response, as I erroneously believed that such filing was optional per Your Honor's Individual Civil Rule 4. I have since reached out to defense counsel; and with their consent, I write this late response in opposition to Defendants' letter motion requesting a pre-motion conference with respect to their anticipated motion to dismiss Plaintiffs' complaint under Rule 12 for: (1) lack of subject matter of jurisdiction; (2) insufficiency of service; (3) lack of personal jurisdiction; and (4) failure to state a claim (ECF. No. 21). For the reasons set forth below, Defendants' anticipated motion to dismiss should be denied.

**Background**

Plaintiffs were formerly employed by Defendants for their restaurant enterprise. Plaintiffs claim, *inter alia*, that they were not paid overtime wages in violation of the Fair Labor Standards Act, 29 USC §201 et al. ("FLSA") and related wage and hour claims under the New York State Labor Law §650 et seq. Plaintiffs commenced this action by filing a complaint with the Court on October 12, 2017. The New York Defendants were served legal process on November 3, 2017 and the Connecticut Defendants were served on November 6, 2017. Defendants filed the letter motion in question on November 21.

I. **The Court Has Subject Matter Jurisdiction over the Entire Action.**

This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. 1366; and has supplemental jurisdiction over the state labor law claims as they arise from the same basic facts. Bu v. Benenson, 181 F. Supp. 2d 247, 251 (S.D.N.Y. 2001). A claim invoking federal-question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006). In this case, Defendants did not contend that Plaintiffs claims are wholly insubstantial and frivolous. Therefore, dismissal under Rule 12(b)(1) is not proper.

1. *Defendants' Rule 12(b)(1) motion to dismiss is not proper because FLSA coverage of Plaintiff is not determinative of the Court's Jurisdiction.*

Ample case law in this Circuit suggests that the issue of coverage under FLSA goes into the merits of plaintiff's claim rather than the court's jurisdiction. See e.g., Rocha v. Bakhter Afghan Halal Kababs, Inc., 44 F. Supp. 3d 337, 344 (E.D.N.Y. 2014); Jia Hu Qian v. Siew Foong Hui, No. 11-CV-5584, 2012 WL 1948820, at *2 (S.D.N.Y. May 30, 2012); Monterossa v. Martinez Rest. Corp., No. 11-CV-3689, 2012 WL 3890212, at *3 (S.D.N.Y. 2012) ("The question of whether or not Defendants actually are 'an enterprise engaged in commerce' within the meaning of 29 U.S.C. § 203(s)(1) is an issue that goes to the merits of Plaintiffs' claims rather than [to] the Court's subject matter jurisdiction." (alteration omitted) (citation omitted).

The case law relied on by Defendants is readily distinguishable to the instant case. In Remmers v. Egor, the Second Circuit upheld lower court's findings of fact in a bench trial that plaintiff was not covered under FLSA. In Siemieniewicz v. CAZ Contracing Corp., the court found plaintiff's complaint has failed to establish that defendant CAZ is an enterprise engaged in commerce or in the production of goods for commerce, because the relevant allegation in Siemieniewicz's complaint consists of the formulaic and conclusory allegation that CAZ is an "employer engaged in interstate commerce and/or production of goods for commerce.", No. 11-CV-0704 (JG) (JO), 2012 U.S. Dist. LEXIS 152379, at *21-22 (E.D.N.Y. 2012).

Conversely, this case has yet to be tried and Plaintiffs' complaint sufficiently described the nature of Defendants' business—restaurant enterprise with three locations in both New York and Connecticut. (Complaint ¶¶48, 58, ECF No.1). Since 1974, courts have unanimously come to the same conclusion that local business activities fall within the reach of the FLSA when some enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce." Archie v. Grand Cent. P'ship, 997 F. Supp. 504, 530 (S.D.N.Y. 1998).

2. *Plaintiffs are covered by FLSA because they are employed by Defendants' enterprise engaged in commerce.*

Under an "enterprise" application, a plaintiff need not himself or herself be involved in an activity which affects interstate commerce. Archie v. Grand Cent. P'ship, 997 F. Supp. 504, 528 (S.D.N.Y. 1998). All employees of such enterprise are covered under FLSA if some are (1) engaged in commerce, (2) engaged in the production of goods for commerce, or (3) engaged in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Id.

Courts in this Circuit have found the "engaged in commerce" requirement is satisfied "if Plaintiffs merely handled supplies or equipment that originated out-of-state." Rocha v. Bakhter Afghan Halal Kababs, Inc., 44 F. Supp. 3d 337, 346 (E.D.N.Y. 2014). In Archie, the court found enterprise coverage because defendants' sanitation crew used equipment and supplies "undoubtedly moved in interstate commerce." 997 F. Supp. at 530.

In this case, comparatively, Plaintiff was engaged in handling and working on goods moved in interstate commerce such as dumplings, ingredients, and supplies. In particular, Plaintiff Xiaoyan Liu alleged that she worked in all three Defendants' locations (Complaint ¶¶48, 58 ECF No.1), and she regularly travelled between New York and Connecticut locations delivering supplies such as dumping and sauces (Comp. ¶59). Plaintiff Liberato Tenelema alleged he worked in both the New York and Darien locations (Complaint ¶¶114, 125 ECF No.1).

3. *Plaintiffs have Standing to Sue.*

Plaintiff Xiaoyan Liu worked in all three locations and Plaintiff Liberato Tenelema worked in both New York and Darien locations. (Compl. ¶¶48, 58,59). Plaintiff Xiaoyan Liu identified Allen Li as Plaintiff Yeh Ching's business partner and supervised her work (Comp. ¶¶61,62). Plaintiff Liberato Tenelema also identified Allen Li as his supervisor at Darien location. (Comp. ¶¶128). Taking all uncontroverted facts in the complaint as true, and drawing all reasonable inferences in favor of Plaintiffs, the Court should find in Plaintiffs favor. See Tandon v. Captain's

Cove Marina of Bridgeport, Inc., 752 F.3d 239, 243 (2d Cir. 2014). Therefore, Plaintiffs have standing against all defendants. See Cent. States Southeast & Southwest Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C., 504 F.3d 229, 241 (2d Cir. 2007). ("[F]or every named defendant there must be at least one named plaintiff who can assert a claim directly against that defendant, and at that point standing is satisfied . . . .").

In the alternative, the Court should conduct an evidentiary hearing to resolve the disputes as to the jurisdictional facts. Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000) ("[T]he court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing.").

II. **Defendants Steam Noodle House, Inc. d/b/a Steam Darien, Steamer Dumpling House Inc. d/b/a Steam Restaurant, and Allen Li were Properly Served.**

1. *The Affidavit of Service Constitutes Prima Facie Evidence of Valid Service*

Federal Rule of Civil Procedure 4(e)(1) provides for service on an individual to be made according to the laws of: (1) the state where the district court is located or; (2) the state where service is made. See Fed. R. Civ. P. 4(e)(1); Freeman v. Nguyen, No. 13-CV-832 (CBA)(JMA), 2014 U.S. Dist. LEXIS 130602, at *6 (E.D.N.Y. 2014). Under New York law, personal service may be effected on an individual by "delivering the summons within the state to a person of suitable age and discretion at the (person's) actual place of business . . . and by mailing the summons to the person to be served at his or her last known residence or . . . actual place of business." N.Y. C.P.L.R. 308(2).

A process server's affidavit, providing factual information showing that service was made in accordance with CPLR 308, constitutes prima facie evidence of proper service. White Rose, Inc. v. Newtown Food Mkt., Inc., 960 N.Y.S.2d 53, 53 (Sup. Ct. 2012). As in White Rose, in this case, the process server's affidavit stating that service was made upon a person of suitable age and discretion at the defendant's principal place of business constituted prima facie evidence of proper service pursuant to CPLR 308 (2). Id.

To rebut the presumption of proper service, Defendants need to proffer sufficient evidence such as "sworn denial of receipt of service, containing specific facts to rebut the statements in the process server's affidavit and necessitates an evidentiary hearing." City of New York v Miller, 72 AD3d 726, 898 N.Y.S.2d 643 (2d Dept. 2010). Defendants conclusory allegations are not sufficient to rebut the presumption of validity of service.

Under Connecticut law, the Services of process upon Connecticut corporate defendants are proper because Connecticut law provides that service upon a private corporation may be effected by serving process "upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located." Conn. Gen. Stat. § 52-57.

III. **This Court has Personal Jurisdiction over Defendants Steam Noodle House, Inc., Steamer Dumpling House Inc., and Allen Li.**

Personal jurisdiction in a federal court is determined by looking to the law of the forum state. See Bensusan Restaurant Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997). Under C.P.L.R. section 302(a)(1), personal jurisdiction is established where the defendant has transacted business within the state, and the claim arises out of that activity. Defendant Allen Li and Yeh Ching are partners of a business enterprise that owns a business in New York and hires employees who are residents of NY and regularly requires their employee to travel to and from New York in the furtherance of their business interests; therefore, the maintenance of the suit in this Court will not offend "traditional notions of fair play and substantial justice." Chew v. Dietrich, 143 F.3d 24, 28 (2d Cir. 1998).

December 4, 2017

CC:
Carolyn Shields
Ying Liu

Respectfully,
  /s/ Ge Qu
  Ge Qu
*Attorney for Plaintiffs*