UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 20, 2018

XIAOYAN LIU, GUIZHEN LI, LIBERATO
TENELEMA, FENG WU DU, SHUI XIN
MO, CHONG CHEN, and JUN GENG
LI,

                    Plaintiffs,

            -v.-

CANTEEN 82 INC., STEAM DARIEN
HOUSE, INC., STEAM RESTAURANT
HOUSE INC., ALLEN LI, SONG
ZHENG, and YEH CHING,

                    Defendants.

17 Civ. 7862 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge[1]:

        Plaintiffs Xiaoyan Liu, Gui Zhen Li, Liberato Tenelema, Feng Wu Du,

Shui Xin Mo, Chong Chen, and Li Jun Geng, on behalf of themselves and

others similarly situated, bring this class and collective action against three

corporations, Canteen 82 Inc., doing business as Canteen 82; Steam Darien

House, Inc., doing business as Steam Darien; and Steam Restaurant House

Inc., doing business as Steam Restaurant (together, the "Corporate

Defendants"); and three individuals, Yeh Ching, Allen Li, and Song Zheng

(together, the "Individual Defendants," and with the Corporate Defendants,

---

[1]     Plaintiff Jun Geng Li is referred to at times in the pleadings as Li Jun Geng.  To
        distinguish him from Defendant Allen Li and from Plaintiff Gui Zhen Li, the Court will
        refer to him in the body of the Opinion as Li Jun Geng.

        Relatedly, the Court observes that several of the parties to this litigation are referred to
        differently by Plaintiffs and Defendants.  The Court adopts its nomenclature from the
        pleadings.

"Defendants").  The claims are brought pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201-219 (the "FLSA"), and the New York Labor Law, Consolidated Laws 1909, chapter 31 (the "NYLL").  Under the FLSA, Plaintiffs seek to recover from Defendants unpaid overtime wages, liquidated damages, prejudgment and postjudgment interest, and attorneys' fees and costs.  Under the NYLL, Plaintiffs seek to recover unpaid overtime compensation, unpaid "spread of hours" premiums, penalty payments for failure to provide wage notices and wage statements, unlawful deductions from gratuities, liquidated damages, prejudgment and postjudgment interest, and attorneys' fees and costs.

The Corporate Defendants, along with Individual Defendants Allen Li and Yeh Ching (together, the "Moving Defendants"),[2] have moved to dismiss Plaintiffs' First Amended Complaint (the "Complaint" or the "FAC") for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2); for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6); and for deficiencies in service under Federal Rule of Civil Procedure 12(b)(5).  For the reasons set forth below, the motion is granted in part and denied in part.

---

[2]    Individual Defendant Song Zheng has not yet appeared in this action.  Per Plaintiffs' affidavit of service, Defendant Zheng was served on November 6, 2017.  (Dkt. #20). Service was accepted by Meiling Zheng, a hostess at Steam Restaurant.  (*Id.*).  The Court has no information as to whether the two individuals are related.

## BACKGROUND[3]

**A.     Factual Background**

**1.     The Alleged Restaurant Enterprise**

Plaintiffs allege that "Defendants own and operate a single integrated business enterprise" comprising three restaurants: Canteen 82 Inc. ("Canteen 82"), Steam Darien House, Inc. ("Steam Darien"), and Steam Restaurant House Inc. ("Steam Restaurant").  (FAC 4 ¶ 24).  Specifically, Plaintiffs allege that the Corporate Defendants were joint employers of Plaintiffs (*id.* at 22 ¶¶ 68-77), and that "[a]t all relevant times, Defendants maintain a policy of share[d] employees' services, share[d] control of their employees, and interchange[able] employees as business so demands" (*id.* at 5 ¶ 25).

One of the Corporate Defendants, Canteen 82, is located in New York City and organized under the laws of New York State.  (FAC 5 ¶ 26).  The others, Steam Restaurant and Steam Darien, are located in Connecticut and organized under the laws of that state.  (*Id.* at 5 ¶¶ 29-32).

Individual Defendant Yeh Ching is identified as the "boss" of Plaintiffs and the founder of all three restaurants.  (FAC 6 ¶¶ 36-39).  She is alleged to

---

[3]     The facts in this Opinion are drawn from the First Amended Complaint (the "Complaint" or "FAC" (Dkt. #29)), filed on January 26, 2018.  In adjudicating the pending motion to dismiss, the Court accepts as true the well-pleaded allegations in the Complaint.  *See In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (per curiam).  For ease of reference, the Court refers to the Moving Defendants' opening brief as "Def. Br." (Dkt. #36); to Plaintiffs' opposition brief as "Pl. Opp." (Dkt. #40); and to the Moving Defendants' reply brief as "Def. Reply" (Dkt. #41).

The paragraphs in the Complaint are numbered 1 through 88 on pages 1 through 13.  However, on page 14 of the Complaint, the paragraph numbering inexplicably restarts at 1.  Accordingly, the Court uses both page numbers and paragraph numbers when citing to the Complaint.

3

be actively involved in the management of the business enterprise; she regularly gave work assignments to Plaintiffs — including transferring certain Plaintiffs from the New York restaurant to the Connecticut locations — and manages the inventory and supplies among the different locations. (*Id.* at 6 ¶ 40). Her business partner, Individual Defendant Allen Li, was known as "Little Boss" to Plaintiffs. (*Id.* at 8 ¶¶ 51-52). Plaintiffs allege that Ching and Li exercised control over them and the putative Class members, insofar as they had and exercised the power to (i) hire and fire employees, (ii) supervise and control employee work schedules and conditions of employment, and (iii) determine employee rates and methods of payment. (*Id.* at 6 ¶ 36, 8 ¶ 51).

### 2. Plaintiffs' Employment and the Claims Arising Therefrom

Two of the Plaintiffs, Xiaoyan Liu and Liberato Tenelema, were employed at Defendants' restaurant locations in both New York and Connecticut. (FAC 11 ¶ 69 - 15 ¶ 11). That is, these Plaintiffs began working at Canteen 82 in New York, and were then transferred for a time to Steam Darien and Steam Restaurant in Connecticut. (*Id.*).

From March 7, 2017, to June 27, 2017, Xiaoyan Liu and Liberato Tenelema were employed by Defendants as dim sum cooks for Canteen 82. (FAC 11 ¶ 69, 14 ¶ 1). Defendant Ching hired both Plaintiffs and supervised them throughout this time period — including determining their employee assignments. (*Id.* at 12 ¶¶ 74-76, 14 ¶¶ 5-8). During the period of their employment, Liu worked seven days per week, for 11 hours each day. (*Id.* at 11 ¶ 70). Tenelema worked between five and six days per week, for 11.5 hours

each day. (*Id.* at 14 ¶ 3). Neither Plaintiff received any breaks during the day, and both were compensated at a fixed rate, regardless of their hours worked. (*Id.* at 11 ¶¶ 70-71, 14 ¶¶ 3-4). Liu was paid $4,000 per month, and Tenelema was paid $2,800 per month. (*Id.* at 11 ¶ 72, 12 ¶ 4).

On or about June 28, 2017, Defendants transferred Liu and Tenelema to Steam Darien in Connecticut. (FAC 12 ¶ 80, 15 ¶ 12). Thereafter, Defendant Ching assigned Liu the additional responsibility of packaging take-out orders at Steam Restaurant. (*Id.* at 12 ¶ 80). Ching also directed Liu to deliver supplies between Canteen 82 in Manhattan and Steam Restaurant in Connecticut two to three times per week. (*Id.* at 13 ¶ 84).

During this time period, both Ching and Li supervised Liu and Tenelema. (FAC 13 ¶ 87, 15 ¶ 15). Both Plaintiffs worked seven days a week, for 12 hours each day without any breaks. (*Id.* at 13 ¶ 85, 15 ¶ 14). Liu was compensated at a fixed monthly rate of $4,000, regardless of her hours worked, and was not paid for all hours worked. (*Id.* at 13 ¶ 88). Tenelema was compensated $2,800 per month. (*Id.* at 15 ¶ 17).

From September 17, 2017, to October 8, 2017, Liu was transferred back to Canteen 82 in Manhattan, where she resumed her previous work schedule. (FAC 11 ¶ 69). Five additional plaintiffs also worked at Canteen 82 during that time, as described below.

From on or about September 17, 2017, through October 8, 2017, Plaintiffs Gui Zhen Li, Shui Xin Mo, Chong Chen, Li Jung Geng, and Feng Wu Du were employed at Canteen 82. (FAC 16 ¶ 18, 17 ¶ 28, 18 ¶ 38, 19 ¶ 48,

21 ¶ 58). Each Plaintiff worked as a chef or cook in that restaurant. (*Id.*).

Defendant Ching hired all of the Plaintiffs, supervised their work, and

determined the conditions of their employment. (*Id.* at 16 ¶¶ 20-22, 17 ¶¶ 30-

32, 18-19 ¶¶ 40-42, 20 ¶¶ 50-52, 21 ¶¶ 60-62).

It is alleged that these five Plaintiffs worked seven days per week. (FAC

16 ¶ 19, 17 ¶ 29, 18 ¶ 39, 19-20 ¶ 49, 21 ¶ 59). Plaintiffs Li, Mo, and Du

worked 11 hours per day, every day, with no breaks. (*Id.* at 16 ¶ 19, 17 ¶ 29,

21 ¶ 59). Plaintiffs Chen and Geng worked a similar schedule from Sunday

through Thursday; on Fridays and Saturdays, Chen worked 12 hours, while

Geng worked 14 hours. (*Id.* at 18 ¶ 39, 19-20 ¶ 49). These five Plaintiffs were

similarly compensated at a fixed monthly rate — regardless of their hours

worked — and were not paid for all hours worked. (*Id.* at 16 ¶ 24, 17 ¶ 34, 19

¶ 44, 20 ¶ 54, 21 ¶ 64). Plaintiffs Chen and Du were both compensated at

$2,600 per month; Plaintiffs Li and Geng at $2,800 per month; and Plaintiff Mo

at $4,500 per month. (*Id.* at 16 ¶ 24, 17 ¶ 34, 19 ¶ 44, 20 ¶ 54, 21 ¶ 64).

## B.    Procedural Background

Plaintiffs filed the initial complaint on October 12, 2017. (Dkt. #1). On

November 21, 2017, five of the six Defendants (excluding Song Zheng, as noted

above) notified the Court of their intent to file the instant motion to dismiss.

(Dkt. #21). The Court held a pre-motion conference on January 8, 2018,

during which the Court granted Plaintiffs leave to file an amended complaint.

(Dkt. #27). Plaintiffs proceeded to file the Complaint on January 26, 2018.

(Dkt. #29). Moving Defendants filed their motion on March 9, 2018. (Dkt. #35-

36).  Plaintiffs filed their opposition brief on April 6, 2018.  (Dkt. #40).  Moving

Defendants filed their reply on August 27, 2018.  (Dkt. #42-43).

## DISCUSSION

**A.    The Court Has Personal Jurisdiction over the Out-of-State Defendants**[4]

**1.    Applicable Law**

**a.    Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(2)**

When a defendant brings a motion to dismiss pursuant to Federal Rule

of Civil Procedure 12(b)(2), "the plaintiff bears the burden of establishing that

the court has jurisdiction over the defendant." *DiStefano* v. *Carozzi N. Am.,*

*Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (citation omitted); *accord In re Terrorist*

*Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013).  "Prior to

discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the

motion by pleading in good faith, legally sufficient allegations of jurisdiction.

At that preliminary stage, the plaintiff's *prima facie* showing may be established

solely by allegations." *Dorchester Fin. Sec., Inc.* v. *Banco BRJ, S.A.*, 722 F.3d

81, 84-85 (2d Cir. 2013) (per curiam) (citation omitted).  All jurisdictional

allegations "are construed in the light most favorable to the plaintiff and doubts

---

[4]      A word is in order about the Moving Defendants' arguments for dismissal.  In their
supporting memorandum, they define as the "Out-of-State Defendants" Corporate
Defendants Steam Restaurant and Steam Darien and Individual Defendant Allen Li.
(Def. Br. 1).  Because the personal jurisdiction claims are made on behalf of the "Out-of-
State Defendants," the Court resolves that portion of the motion as to all three parties.
However, with respect to the Moving Defendants' NYLL claims, which are addressed
later in this Opinion, the caption of the argument refers to the "Out-of-state
Defendants," but the arguments themselves pertain only to the two out-of-state
Corporate Defendants, and the Court resolves that portion of the motion only with
respect to those two entities.

are resolved in the plaintiff's favor[.]" *A.I. Trade Fin., Inc.* v. *Petra Bank*, 989 F.2d 76, 79-80 (2d Cir. 1993). However, the court "will not draw argumentative inferences in the plaintiff's favor" and need not "accept as true a legal conclusion couched as a factual allegation[.]" *In re Terrorist Attacks*, 714 F.3d at 673 (citations omitted); *see also Licci ex rel. Licci* v. *Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012).

District courts deciding motions to dismiss for lack of personal jurisdiction typically engage in a two-part analysis. *First*, the court assesses whether there is "a statutory basis for exercising personal jurisdiction." *Marvel Characters, Inc.* v. *Kirby*, 726 F.3d 119, 128 (2d Cir. 2013). In making this determination, the court "applies the forum state's personal jurisdiction rules" unless a federal statute "specifically provide[s] for national service of process." *PDK Labs, Inc.* v. *Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997) (internal quotation marks and citations omitted). *Second*, if there is a statutory basis for personal jurisdiction, the court must decide whether the exercise of jurisdiction comports with due process. *Sonera Holding B.V.* v. *Çukurova Holding A.Ş.*, 750 F.3d 221, 224 (2d Cir. 2014) (per curiam).

### b.  New York's Long-Arm Statute

It is well established that "[a] district court's personal jurisdiction is determined by the law of the state in which the court is located." *Spiegel* v. *Schulmann*, 604 F.3d 72, 76 (2d Cir. 2010). New York's long-arm statute authorizes courts to exercise personal jurisdiction "over any non-domiciliary ... who in person or through an agent ... transacts any business within the state,"

so long as the cause of action "aris[es] from" that transaction. N.Y. C.P.L.R. § 302(a)(1). Accordingly, a court may exercise personal jurisdiction over a non-domiciliary if two conditions are met: "first, the non-domiciliary must transact business within the state; second, the claims against the non-domiciliary must arise out of that business activity.'" *Aquiline Capital Partners LLC* v. *FinArch LLC*, 861 F. Supp. 2d 378, 386 (S.D.N.Y. 2012) (quoting *CutCo Indus., Inc.* v. *Naughton*, 806 F.2d 361, 365 (2d Cir. 1986)).

2. **Analysis**

a. **The Court May Exercise Personal Jurisdiction over the Out-of-State Defendants Under N.Y. C.P.L.R. § 302(a)(1)**

Plaintiffs argue that, under New York's long-arm statute, the Court has personal jurisdiction over the out-of-state Corporate Defendants Steam Dairen and Steam Restaurant and Individual Defendant Allen Li because they were joint employers of Plaintiffs, operating as an integrated business enterprise. (FAC 22-23 ¶¶ 68-77). Although § 302(a)(1) may be satisfied by a single act within New York, *see Licci*, 673 F.3d at 62, Plaintiffs in fact allege that Defendants, including these out-of-state Defendants, routinely transacted business within New York. They argue that, as joint employers, Defendants hired New York residents, operated a restaurant in New York City, and regularly sent or exchanged personnel and food products between the New York and Connecticut restaurants. (Pl. Opp. 10-11).

In response, the Moving Defendants argue that their "alleged status of joint employers is irrelevant to the question of personal jurisdiction." (Def. Br. 5 (quoting *Green* v. *Fishbone Safety Sols., Ltd.*, No. 16 Civ. 1594 (PAB) (KMT),

2017 WL 4012123, at *3 (D. Colo. Sept. 12, 2017))). That is, although Defendants concede that their joint employer status may be a ground for determining liability at some later stage in this litigation, they claim that it cannot be used as a basis for personal jurisdiction. (*Id.* at 3-5).

The Moving Defendants support this argument with non-precedential, out-of-state cases. (Def. Reply 3-4 (citing, *inter alia*, *Abarca* v. *Manheim Servs. Corp.,* No. 05 Civ. 3873 (JWD), 2006 WL 850893, at *1 (N.D. Ill. Mar. 24, 2006))). Upon closer inspection, even those cases suggest that the issue is not as clearly settled as the Moving Defendants suggest. For example, in *Green*, a district judge in the District of Colorado acknowledged that "the Tenth Circuit has not addressed the issue" of whether the alleged status of joint employers can be used to assert personal jurisdiction. *Green*, 2017 WL 4012123, at *3. The Moving Defendants ignore the court's caveat, and cite *Green* for the proposition that joint employer status is unequivocally immaterial to the personal jurisdiction inquiry. (Def. Br. 5).

In point of fact, the Moving Defendants have been relegated to relying on cases from Illinois, Colorado, and Kansas because courts in New York have rejected their argument. Sister courts in this District have found that adequately alleging a joint employment relationship is "sufficient to render defendants amenable to jurisdiction in New York." *Franklin* v. *Waters*, No. 16 Civ. 9819 (AKH), 2018 WL 3231660, at *3 (S.D.N.Y. Apr. 10, 2018); *see also Mao* v. *Sands Bethworks Gaming LLC,* No. 15 Civ. 6252 (JMF), 2016 WL 1717220, at *3 (S.D.N.Y. Apr. 28, 2016) (analyzing allegations of joint

employment to determine whether an action should be dismissed for lack of personal jurisdiction).

And because this Court agrees that joint employment may serve as a basis for personal jurisdiction in New York, it considers Plaintiffs' allegations regarding Defendants' joint employer relationship. When determining whether Defendants are joint employers, the question is one of control. *First*, the exercise of formal control over employees is sufficient, but not necessary, to adequately allege an employer relationship. *See Carter* v. *Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984). Relevant inquiries include "whether the alleged employer [i] had the power to hire and fire the employees, [ii] supervised and controlled employee work schedules or conditions of employment, [iii] determined the rate and method of payment, and [iv] maintained employment records." *Olvera* v. *Bareburger Grp. LLC*, 73 F. Supp. 3d 201, 205 (S.D.N.Y. 2014) (quoting *Carter*, 735 F.2d at 12) (internal quotations omitted).

*Second*, in lieu of formal control, an individual may be classified as an employer when she exercises functional control over an employee. *See Zheng* v. *Liberty Apparel Co. Inc.*, 355 F.3d 61, 71 (2d Cir. 2003). Functional control is indicated by a number of non-exclusive factors, including:

> [i] whether [the purported joint employer's] premises and equipment were used for the plaintiffs' work; [ii] whether the [plaintiffs] had a business that could or did shift as a unit from one putative joint employer to another; [iii] the extent to which plaintiffs performed a discrete line-job that was integral to [the purported joint employer's] process of production; [iv] whether responsibility under the contracts could pass from one subcontractor to another without material changes;

> [v] the degree to which the [the purported joint employer's] or their agents supervised plaintiffs' work; and [vi] whether plaintiffs worked exclusively or predominantly for the [the purported joint employers].

*Zheng*, 355 F.3d at 72.

Considering the above factors "based on the circumstances of the whole activity," Plaintiffs have alleged Defendants' joint employer relationship sufficiently to make out a *prima face* case of personal jurisdiction. *Zheng*, 355 F.3d at 71. Plaintiffs allege that the Corporate Defendants shared "a high degree of interrelated and unified operation, a common management, centralized ... labor relations, common control and ownership, common business purposes, and interrelated business goals." (FAC 23 ¶ 77). Specifically, Plaintiffs claim that Defendant Yeh Ching owns and operates Canteen 82 in New York City, and is the joint owner of Steam Restaurant and Steam Darien in Connecticut. (*Id.* at 22-23 ¶¶ 68-72). All three restaurants, according to Plaintiffs' allegations, operate under her common control. (*Id.* at 22 ¶ 72). In addition to hiring employees and assigning job duties, Ching directs the transfer of *both* employees and materials, including food items, between the restaurants in New York and Connecticut. (*Id.* at 22 ¶ 72, 23 ¶ 76; *see also* Pl. Opp. 2).

Plaintiffs have sufficiently alleged both formal and functional control, indicative of a joint employer relationship between all three restaurants. Therefore, Plaintiffs have demonstrated a statutory basis for personal jurisdiction under § 302(a)(1), and the Court turns to the issue of due process.

### b. The Court's Exercise of Personal Jurisdiction over the Out-of-State Defendants Comports with Constitutional Due Process

A court determines whether it has a constitutional basis for exercising personal jurisdiction first, by analyzing "whether the defendant has sufficient minimum contacts with the forum (the 'minimum contacts' [inquiry]) … and, if so, second, whether the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice' (the 'reasonableness inquiry')." *AmTrust Fin. Servs., Inc.* v. *Lacchini*, No. 16 Civ. 2575 (PAE), 2017 WL 728262, at *7 (S.D.N.Y. Feb. 23, 2017) (citing *Metro. Life Ins. Co.* v. *Robertson-Ceco Corp.*, 84 F.3d 560, 567-68 (2d Cir. 1996)).

The minimum contacts analysis "overlaps significantly with New York's § 302(a)(1) inquiry into whether [Defendants] transacted business in the State." *Minnie Rose LLC* v. *Yu*, 169 F. Supp. 3d 504, 515 (S.D.N.Y. 2016) (internal citations omitted).  To review, the Court found that Defendants, acting as joint employers, transacted business in New York in a variety of ways, including by hiring New York residents, operating a restaurant in New York City, and transporting food between Connecticut and New York.  Those allegations also satisfy the minimum contacts requirement.  Due to their activity in, and contacts with, the forum state, Defendants — including the out-of-state Defendants — purposefully availed themselves of New York law and could have reasonably foreseen being haled into court in New York.

Nor would this Court's exercise of personal jurisdiction over the out-of-state Defendants offend traditional notions of fair play and substantial justice. In making that determination, the Court considers:

> [i] the burden that the exercise of jurisdiction will impose on the defendant; [ii] the interests of the forum state in adjudicating the case; [iii] the plaintiff's interest in obtaining convenient and effective relief; [iv] the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and [v] the shared interest of the states in furthering substantive social policies.

*Chloe* v. *Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010). In addition, the Second Circuit has stated that a defendant can rarely show the exercise of personal jurisdiction to be unreasonable if he has sufficient minimum contacts with the forum state. *See Eades* v. *Kennedy, PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015) (quoting *Licci*, 732 F.3d at 170).

Here, the burden on the out-of-state Defendants is minimal. As noted by Plaintiffs, "[t]he Connecticut Corporations are part of an integrated business enterprise controlled by Defendant Yeh Ching who also maintains a New York business in Manhattan." (Pl. Opp. 11). The second factor also favors Plaintiffs. Because Plaintiffs are residents of New York, the state has a "manifest interest in providing effective means of redress." *Dandong Old N.-E. Agric. & Animal Husbandry Co.* v. *Hu*, No. 15 Civ. 10015 (KPF), 2017 WL 3328239, at *8 (S.D.N.Y. Aug. 3, 2017) (internal citations omitted). Likewise, speaking to the third factor, obtaining relief in New York — their state of residence — would also be in Plaintiffs' interests.

All told, it is both statutorily and constitutionally appropriate for this Court to exercise personal jurisdiction over the out-of-state Defendants. The motion under Rule 12(b)(2) is thus denied.

**B.    Plaintiffs Have Abandoned Their NYLL Claims as to the Out-of-State Corporate Defendants**

Next, the Moving Defendants argue that claims arising under the NYLL do not apply to the out-of-state Corporate Defendants. (Def. Br. 2). Steam Darien and Steam Restaurant are both incorporated and have their principal places of business in Connecticut, and operate restaurants in that state. (*Id.*). Therefore, the Moving Defendants contend, Counts II, III, IV, and V of the Complaint should be dismissed in regards to those Defendants. (*Id.*).

Plaintiffs do not address, or even acknowledge, this argument in their brief in opposition. Therefore, they have abandoned their NYLL claims against the out-of-state Corporate Defendants and the Court will not address the merits of those claims. *See Jackson* v. *Fed. Exp.*, 766 F.3d 189, 198 (2d Cir. 2014) ("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned."); *Simon* v. *City of New York*, 2015 WL 4092389, at *2 (S.D.N.Y. 2015) ("[W]hether or not Defendants' arguments had merit, it was Plaintiff's obligation to address the issue, on pain of their claim being deemed abandoned." (collecting cases)); *Lipton* v. *Cty. of Orange, N.Y.*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." (collecting cases)).

Accordingly, Plaintiffs' NYLL claims against Steam Darien and Steam Restaurant — found in Counts II, III, IV, and V of the Complaint — are dismissed with prejudice. *See Allen* v. *N.Y.C. Hous. Auth.*, No. 10 Civ. 168 (CM) (DF), 2012 WL 4794590, at *4 (S.D.N.Y. Sept. 2012) (dismissing abandoned claims with prejudice and collecting supporting cases); *Marks* v. *Nat'l Commc'ns Ass'n, Inc.*, 72 F. Supp. 2d 322, 328 n.6 (S.D.N.Y. 1999) (same).

## C. To the Extent There Are Deficiencies in the Service of Process, the Court Will Extend the Time to Serve

### 1. Motions to Dismiss Under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5)

Finally, the Moving Defendants argue that service on the out-of-state Corporate Defendants Steam Restaurant and Steam Darien, as well as the out-of-state Individual Defendant Allen Li, was insufficient under federal or state law. (Def. Br. 6-7.) Under Federal Rule of Civil Procedure 4(e)(1), service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Federal Rule of Civil Procedure 12(b)(4) governs the defense of insufficient process, whereas Rule 12(b)(5) governs insufficient service of process. "Objections to sufficiency of process under Fed. R. Civ. P. 12(b)(4) must identify substantive deficiencies in the summons, complaint or accompanying documentation." *Gianatasio* v. *D'Agostino*, No. 11 Civ. 3095 (RWS), 2011 WL 5244961, at *2 (S.D.N.Y. Nov. 2, 2011). "A Rule 12(b)(4) motion is proper only to challenge noncompliance with the provision of

Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Id.* (internal quotation marks omitted).

Separately, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd.* v. *Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Under Rule 12(b)(5), "[o]nce a defendant raises a challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." *Darden* v. *DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). "When a court considers a motion to dismiss pursuant to Rule 12(b)(5), it must consider information outside the complaint to determine whether service was sufficient." *Hernandez* v. *Mauzone Home Kosher Prods. of Queens, Inc.*, No. 12 Civ. 2327 (SJ) (JMA), 2013 WL 5460196, at *4 (E.D.N.Y. Sept. 30, 2013).

"In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons." *DeLuca* v. *AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff is able to demonstrate good cause, however, a district court must grant a plaintiff an extension of time for service. *See id.*

Even where a plaintiff does not show good cause, district courts may exercise discretion to grant an extension of time to effect adequate service. *See Zapata* v. *City of New York*, 502 F.3d 192, 196 (2d Cir. 2007); *George* v. *Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 433 (S.D.N.Y. 2016). In determining whether to grant a discretionary extension, courts look to "[i] whether any applicable statutes of limitations would bar the action once refiled; [ii] whether the defendant had actual notice of the claims asserted in the complaint; [iii] whether defendant attempted to conceal the defect in service; and [iv] whether defendant would be prejudiced by extending plaintiff's time for service." *DeLuca*, 695 F. Supp. 2d at 66.

## 2. Analysis

### a. Service on Steam Darien and Steam Restaurant Was Insufficient

Plaintiffs' affidavits of service as to the out-of-state Corporate Defendants, Steam Darien and Steam Restaurant, indicate that Plaintiffs left a copy of the summons and complaint with the hostess at each restaurant. (Dkt. #17, 19). The Moving Defendants argue that service was insufficient because neither hostess had any authority to accept service on behalf of either Corporate Defendant under the Federal Rules of Civil Procedure, New York law, or Connecticut law. (Def. Br. 6-7). They are correct.

Beginning with the Federal Rules, service on a corporation is authorized by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). The Moving

18

Defendants argue — and the Court agrees — that the restaurant hostesses do not fall into any category of authorized persons under Rule 4. (Def. Br. 6).

Nor were the hostesses part of the class of persons authorized to accept service on behalf of the two corporations under New York or Connecticut law. In Connecticut, service of process against private corporations

> shall be made either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located.

Conn. Gen. Stat. Ann. § 52-57.

In New York, service upon a corporation may be made by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311. As noted by the Moving Defendants, apart from the statutory designation of the New York Secretary of State, neither out-of-state Corporate Defendant has designated an agent for service of process. (Def. Reply 9). Because the hostesses, as employees of the restaurants, were not authorized to accept service by statute under Federal Rule 4, New York law, or Connecticut law, Plaintiffs' service on the out-of-state Corporate Defendants was insufficient.

### b.     Service on Defendant Allen Li Was Insufficient

Plaintiffs' proof of service regarding Individual Defendant Allen Li indicates that service was made at Li's place of business, Steam Darien, by leaving a copy of the summons and complaint with the restaurant hostess. (Dkt. #18).  Specifically, service was made "on Allen Li at 971 Post Road, Darien, CT" — the address of Steam Darien — by "delivering a true copy of each to Christine Chai, Hostess."  (*Id.*).

Under Rule 4, service on an individual may be accomplished by doing any of the following:

> [i] delivering a copy of the summons and of the complaint to the individual personally; [ii] leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or [iii] delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).  Notably, delivering a copy of the summons and the complaint to an individual defendant's place of business is not a permitted method of service under the Federal Rules.  Nor is it under Connecticut law, which requires that "process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode."  Conn. Gen. Stat. Ann. § 52-57.

Under New York law, a plaintiff has additional options, including, "leaving the summons with a person of suitable age and discretion at the Defendant's actual residence or place of business *and* following up with a mailing to the individual's last known residence or actual place of business."

*See George* v. *Roberts*, No. 17 Civ. 3684 (CS), 2018 WL 1517203, at *3 (S.D.N.Y. Mar. 26, 2018) (citing N.Y. C.P.L.R. § 308(2)) (emphasis added).  Accordingly, Plaintiffs were entitled to leave a copy of the summons and complaint with the restaurant hostess.  However, having chosen that route, they were also required to mail a follow-up copy, which they failed to do, and service of Li under New York law was insufficient.

### 3.    The Court Exercises Its Discretion Pursuant to Rule 4(m) to Grant Plaintiffs an Extension of Time to Effectuate Service

In the alternative to arguing that service was sufficient, Plaintiffs ask the Court to grant leave to re-attempt service.  (Pl. Opp. 14).  The Court exercises its discretion and grants Plaintiffs' request.

Federal Rule of Civil Procedure 4(m) provides that failure to serve a defendant within 120 days of filing the complaint will result in either dismissal of that defendant from the action or an "order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  Even in the absence of good cause — which the Court does not find here — the Second Circuit has determined that district courts have wide discretion in extending the time for service, instead of ordering dismissal.  *See Zapata* v. *City of New York*, 502 F.3d 192, 196 (2d Cir. 2007).

Factors to be considered when granting an extension in the absence of good cause are,

> [i] whether the applicable statute of limitations would bar the refiled action; [ii] whether the defendant had actual notice of the claims asserted in the complaint; [iii] whether the defendant had attempted to conceal the defect in service; and [iv] whether the defendant would

21

> be prejudiced by the granting of plaintiff's request for
> relief from the provision.

*E. Refractories Co.* v. *Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 506 (S.D.N.Y. 1999). Here, two key factors point in favor of Plaintiffs' request for an extension: Defendants have actual notice of the action, and would not be unduly prejudiced by an extension.

*First*, Defendants, who are currently engaged in motion practice, clearly have actual notice of this action. "[T]he core function of service is to supply notice in a manner and at a time that afford the defendant a fair opportunity to answer the complaint and present defenses and objections." *Arch Ins. Co.* v. *Goldens Bridge Fire Dep't*, No. 16 Civ. 9921 (NSR), 2018 WL 1725225, at *5 (S.D.N.Y. Apr. 6, 2018) (internal citations omitted). Here, Defendants had sufficient notice to both file a responsive pleading and engage in motion practice, thereby satisfying the fundamental purpose of Rule 4. (Dkt. #35-39, 41-43).

*Second*, an extension would not prejudice the out-of-state Defendants. "[C]ourts in this district have recognized that where, as here, a defendant received actual notice and had the opportunity to address the merits of the action, prejudice is minimal." *Arch Ins. Co.*, 2018 WL 1725225, at *5. All Defendants, with the exception of Song Zheng, have retained the same defense counsel, who has not only appeared in this case, but filed the instant motion. (Pl. Opp. 14-15).

For these reasons, the Court exercises its discretion pursuant to Rule 4(m) to grant Plaintiffs an extension of time to effectuate service, rending the Moving Defendants' motion to dismiss the Amended Complaint for insufficient service of process moot. Plaintiffs must effect service on the out-of-state Defendants on or before **December 14, 2018**.

## CONCLUSION

For the reasons set forth above, the Moving Defendants' motion to dismiss for lack of personal jurisdiction is DENIED; their motion to dismiss for insufficiency of service of process is DENIED; and their motion to dismiss Plaintiffs' NYLL claims against the out-of-state Corporate Defendants is GRANTED. Plaintiffs' NYLL claims against Steam Darien and Steam Restaurant — found in Counts II, III, IV, and V of the Complaint — are dismissed with prejudice.

The Clerk of Court is directed to terminate the motion at Docket Entry 35. Per the Court's individual rules, the parties are ORDERED to submit a case management plan on or before **December 28, 2018**.

SO ORDERED.

Dated:     November 20, 2018
           New York, New York

_____
       KATHERINE POLK FAILLA
     United States District Judge